UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARTHA BEGBIE, individually and
as Personal Representative of the Estate
of DAVID BEGBIE, Deceased**

      **Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE
COMPANY and ACS IT SOLUTIONS, LP,**

      **Defendants.**
_____/

Case No. 05-70780

HONORABLE DENISE PAGE HOOD

## ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Affirm the Administrator's Decision or, In the Alternative, For Judgment on the Administrative Record And Response to Plaintiff's Brief filed on July 18, 2005. Plaintiff has not filed a response.

### II. STATEMENT OF FACTS

The Plaintiff, Martha Begbie, is the widow of David Begbie, a former employee of Defendant ACS IT Solutions, LP ("ACS"). (Compl. ¶ 1). Defendant ACS provided its employees with life insurance coverage through Defendant Metropolitan Life Insurance Company ("MetLife"). (Compl. ¶ 9). The decedent was employed by Lockheed Martin Corporation prior to his employment with Defendant ACS. (Compl. ¶ 4). At Lockheed Martin the decedent had insurance

1

coverage for disability and life insurance. (Compl. ¶ 5). In November, 2003, the decedent was transferred to the payroll of Defendant ACS. (Compl. ¶ 6). Under Defendant ACS, the decedent elected supplemental life insurance and was provided noncontributory group life insurance. (Compl. ¶¶ 7, 9). Deductions were made from the decedent's paychecks to pay the premiums on the supplemental life insurance. (Compl. ¶ 7). The decedent was on short term disability leave when his employment was transferred from Lockheed Martin to Defendant ACS. (Compl. ¶ 10). The decedent died on December 20, 2003. (Compl. ¶ 11). Plaintiff applied for the insurance benefits under the supplemental and noncontributory life insurance policies. (Compl. ¶ 12). Plaintiff was denied benefits by Defendant MetLife, by letter dated July 15, 2004. *Id*. Pursuant to the policy terms, an appeal was made to Defendant MetLife. (Compl. ¶ 13). The appeal was denied by Defendant MetLife on October 8, 2004. *Id*. The Plaintiff then filed the current Complaint.

## III. STANDARD OF REVIEW

A denial of benefits under an ERISA plan "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 103, 115 (1989). If a plan gives the administrator such discretion the administrator's decision is reviewed under the "highly deferential arbitrary and capricious standard.." *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 983 (6th Cir. 1991). Such decisions are not arbitrary and capricious if they are "rational in light of the plan's provisions." *Id*. at 984. "Discretionary authority" does not hinge on the word "discretion" or any other "magic word." *Perez v. Aetna Lie Ins. Co.*, 150 F.3d 550, 555 (6th Cir. 1998)(en banc). Instead, the lower courts are to focus on the breadth of the

administrator's power - their authority to determine eligibility for benefits or to construe the terms of the plan." *Id.*

The arbitrary and capricious standard applies in this matter. The pertinent Plan language provides:

> ACS is the Plan Administrator for the Plans. It has delegated to the Administrative Committee (or the appropriate claims administrator) its duties as Plan Administrator. *This Administrative Committee* (or the appropriate claims administrator), as it relates to any Plan matter, including a claim for benefits, *eligibility of a participant*, or any other matter *shall have complete and final discretionary authority* to interpret these Plans and maintain control over the operation and administration of these Plans, including interpretation of all plan documents, decisions as to who is eligible for reimbursement, and all other related questions that arise under these Plans.

(AR at 197) (emphasis added).

Since the plan explicitly gives the administrator discretionary authority to determine eligibility for benefits, the decision to deny benefits will be reviewed under the arbitrary and capricious standard.

## IV. APPLICABLE LAW & ANALYSIS

### A. Preemption of State Law Claims

The ERISA preemption provision provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ..." 29 U.S.C. § 1144(a). Section 1132 is the civil enforcement provision: "A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Sixth Circuit has held:

> [Section 1144] allows ERISA to preempt state laws when they "relate to" matters governed by ERISA but does not create a federal cause of action for matters which only "relate to" ERISA's field of concern. Thus[,] § 1144 preemption does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause

3

> of action under the well-pleaded complaint rule.

> * * *

> A state cause of action not covered by § 1132(a)(1)B) may still be subject to a preemption claim under § 1144(a) ... because the state law at issue may "relate to" a pension or employee benefit plan.

*Warner v. Ford Motor Co.*, 46 F.3d 531, 534-535 (6th Cir. 1995)(en banc). A suit by a participant or beneficiary to recover benefits under an ERISA covered plan falls directly under ERISA's civil enforcement provisions, 29 U.S.C. § 1332(a)(1)(B). *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987). It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit. *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991); *Zuniga v. Blue Cross and Blue Shield of Michigan*, 52 F.3d 1395, 1401 (6th Cir. 1995).

The Supreme Court has held that common law claims for breach of contract, fraud, bad faith and breach of fiduciary duties based on alleged improper processing of claims under an ERISA plan are preempted. *Pilot Life*, 481 U.S. at 48. The Sixth Circuit has also held that state law claims including breach of contract, insurance bad faith, misrepresentation, conversion, negligence, wrongful death, violations of the Consumer Protection Act, wrongful discharge, discrimination, and retaliation for claiming or attempting to claim a right to receive ERISA benefits are preempted by ERISA. *See Smith v. Provident Bank,* 170 F.3d 609, 613-617 (6th Cir. 1999)(ERISA preempts common law claims for breach of contract, bad faith, misrepresentation, conversion, and negligence claims if they relate to employee benefit plan); *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941-43 (6th Cir. 1995)(ERISA preempts claims for wrongful death, breach of contract, and insurance bad faith because the claims related to an ERISA plan); *Schachner v. Blue Cross and Blue Shield of*

4

*Ohio*, 77 F.3d 889, 896-98 (6th Cir. 1996)(ERISA preempts state common law tort claim for an insurer's bad faith breach of obligation to pay); *Cox v. Blue Cross and Blue Shield of Michigan,* 869 F.Supp. 501, 504-505 (E.D. Mich. 1994)(ERISA preempts breach of contract and Consumer Protection Act claims where the suit is essentially one to recover benefits from an ERISA plan); and *Graf v. Daimler Chrysler Corp.,* 190 F.Supp.2d 1002, 1008 (E.D. Mich. 2002)(ERISA preempts "state law cause of action which purports to set forth a claim that a person has been discharged, discriminated against, retaliated against, harmed, etc. for claiming or attempting to claim his/her right to receive (or continue to receive) ERISA benefits.")

**B.     Evidence Considered**

In reviewing a decision of denial of benefits under ERISA, the Court may only consider the evidence that was available to the plan administrator at the time the final decision was made. *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). See also *Perry v. Simplicity Engineering*, 900 F.2d 963, 966 (6th Cir. 1990), *Yeager v. Reliance Standard Life Insurance Co.*, 88 F.3d 376, 381 (6th Cir. 1996). This limitation applies to both the "arbitrary and capricious" and the *de novo* standard of review. *Miller*, 925 F.2d at 986.

**C.     Decision of Administrator**

Under the arbitrary and capricious standard, a decision of a plan administrator is not arbitrary and capricious when it is "rational in light of the plan's provisions." *Miller*, 925 F.2d at 983. "When "it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997), quoting *Davis v. Kentucky Fin. Cos. Retirement Plan*, 887 F.2d 689, 693 (6th Cir. 1989). "Under the arbitrary and capricious standard, the administrator's claim can be overturned only upon

5

a showing of internal inconsistency, bad faith, or some similar ground." *Racknor v. First Allmerica Financial Life Insurance Co.*, 71 F.Supp.2d 723, 729 (E.D.Mich. 1999) citing *Davis*, 887 F.2d at 695. "If the plan administrator's decision is rational in light of the plan's provisions and reasonable with no abuse of discretion, then it must be upheld." *Id*. citing *Miller*, 925 F.2d at 984; *Eriksen v. Metropolitan Life Insurance Co.*, 39 F.Supp.2d 864, 870 (E.D.Mich. 1999).

On review of the Administrative Record the Court finds that the decision to deny benefits was rational in light of the plan's provisions. Plaintiff was notified by letter on July 15, 2004, that her claim was denied because the decedent was not "Actively at Work" in order for the insurance coverage to take effect. (Def.s' Mot. To Affirm, Ex. G). The plan at issue specifically provides when life benefits are effective. The relevant portion of the plan states:

> **Applicable to Non-Contributory Benefits (Basic Life and Personal Accidental Death or Dismemberment Benefits)**
> Your Personal Benefits will become effective on your Personal Benefits Eligibility Date provided you are then Actively at Work as an Employee. If you are not then Actively at Work as an Employee, your Personal Benefits will become effective on the date of your return to Active Work as an Employee.

(AR at 152).
The "Actively at Work" provision states:

> "**Actively At Work**" or "**Active Work**" means that you are performing all of the material duties of your job with ACS where these duties are normally carried out. If you were Actively at Work on your last scheduled working day, you will be deemed Actively at Work:
> 1. on a scheduled non-working day;
> 2. provided you are not disabled

(AR at 148).

Regarding the optional group life insurance, the plan states:

> **Applicable to Contributory Benefits (Optional Life and Voluntary (Additional) Accidnetal Death or Dismemberment Benefits)**

6

> * * *
> Your Personal Optional Life Benefits will become effective on the later of:
> 1. your Personal Benefits Eligibility Date; and
> 2. the date the information on the Enrollment Form is accepted by MetLife as satisfactory; subject to the Work Requirements.

(AR at 153).

The "Work Requirements" provision reads:

> "**Work Requirements**" means that you have:
> 1. worked as an Employee at least 20 hours during the last 7 consecutive calender days; and
> 2. worked at either your usual place of business or away from your usual place of business at your Employer's convenience.
>
> "**You**" and "**your**" mean the Employee who is a Covered Person for Personal Benefits. They do not include a Dependent of the Employee.

(AR at 152).

Under the provisions of the plan at issue, the decedent was required to be "Actively at Work," under the basic life benefit, and compliant with the "Work Requirements" provision, under the optional group life insurance, before life insurance benefits would become effective.

When the decedent was transferred to Defendant ACS from Lockheed Martin, he elected contributory life insurance and was provided noncontributory group life insurance. (Compl. ¶¶ 8, 9). At the time of his transfer, the decedent was on a disability leave of absense. (Compl. ¶ 10). Although the decedent was an employee of Defendant ACS, he never actually worked during his employment, as he was on disability leave until he died, on December 20, 2003. (Def.s' Mot. To Affirm ¶ 6). The decedent was never considered "Actively at Work," by the plan administrator, because he was disabled on his last scheduled work day. Plaintiff does not dispute this provision requiring him to be "actively at work" is applicable to him.

The decedent was not compliant with the "Work Requirements," of the optional insurance,

7

because he did not work as an employee for at least 20 hours in the prior consecutive seven days before enrollment in the plan, nor did he work from the usual place of business or a place at his employer's convenience. As a result, decedent's life benefits never became effective, thereby facilitating Defendant MetLife's July 15, 2004, denial of benefits letter.

The decision of the plan's administrator was rational in light of the plan's provisions. Furthermore there is no evidence of internal inconsistency, bad faith or abuse of discretion. For these reasons, the decision was not arbitrary and capricious.

### D. Equitable Estoppel

Plaintiff claims that Defendants should be estopped from asserting that the decedent did not have life insurance, arguing that Defendants waived the right to enforce the "Actively at Work" and "Work Requirements" provisions by deducting payments for life insurance from his check and failing to inform him that he did not have life insurance. A plaintiff may maintain an equitable estoppel claim, with regard to welfare plans, under ERISA. *Sprague v. General Motors Corp.*, 133 F.3d 388, 403 (6th Cir. 1998) (en banc). "Principles of estoppel, however, cannot be applied to vary the terms of unambiguous plan documents; estoppel can only be invoked in the context of ambiguous plan provisions." *Id*. at 404. The elements of equitable estoppel under ERISA are:

> (1) there must be conduct or language amounting to a representation of material fact; (2) the party to be estopped must be aware of the true facts; (3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; (4) the party asserting the estoppel must be unaware of the true facts; and (5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

*Id.* at 403.

Equitable estoppel cannot be applied here, as the plan provisions at issue in this case are not

8

ambiguous. The plan at issue clearly provides when an employee's life benefits become effective and unambiguously defines the terms used. (AR at 148, 152-153). As a result, equitable estoppel does not apply in this case.

Plaintiff asserts the decedent was advised that he had the noncontributory life insurance coverage, (Compl. ¶ 20), and that Defendant ACS indicated in the Benefit Confirmation Statement, that the decedent was covered for supplemental life insurance. (Compl. ¶ 22, see also Pl.'s Ex. E). The Sixth Circuit Court of Appeals has held that where oral or written statements are not consistent with unambiguous plan provisions, equitable estoppel is not applicable. *Sprague*, 133 F.3d at 402-403 (also holding that oral assurance regarding the plan cannot modify the terms of the plan). See also *Shepard v. Dana Corporation*, 205 F.3d 1341, 2000 WL 191822, *2 (6th Cir. 2000) (unpublished opinion) ("Thus, Shepard cannot prevail on her claim against Dana - even if Dana representatives made misleading statements about her ERISA plan - unless she shows that the terms of her plan are ambiguous"). Estoppel requires reasonable or justifiable reliance by the party asserting estoppel. *Sprague*, 133 F.3d at 404. A party's reliance is rarely reasonable or justifiable if it is inconsistent with the unambiguous terms of the plan documents that were available to the party. *Id.* As Plaintiff has not shown that the terms of the plan at issue are ambiguous, equitable estoppel is not applicable in this case.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Affirm the Administrator's Decision or, In the Alternative, For Judgment on the Administrative Record and Response to Plaintiff's Brief **[Docket No. 10, filed July 18, 2005]** is GRANTED.

                                                                  /s/ Denise Page Hood
                                                                  DENISE PAGE HOOD
                                                                  United States District Judge

DATED: January 31, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2006, by electronic and/or ordinary mail.

                                                                   s/William F. Lewis
                                                                  Case Manager